## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

AMN Healthcare, Inc., a Nevada corporation,

     Plaintiff,

v.

Loyal Source Government Services LLC, a Florida limited liability company,

     Defendant.

---

## COMPLAINT

---

AMN Healthcare, Inc. ("AMN"), by and through its undersigned counsel, hereby submits its Complaint seeking monetary damages, stating as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff AMN is a Nevada corporation authorized to do business in Colorado with a principal place of business at 12400 High Bluff Drive, Suite 100, San Diego, California 92130.

2.  Defendant Loyal Source Government Services ("Loyal Source") is a Florida limited liability company with a principal place of business at 12612 Challenger Parkway, Suite 365, Orlando, Florida 32826.

3.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship between AMN and Loyal Source and the amount in controversy exceeds $75,000.

1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to AMN's claims occurred in this district.

## GENERAL ALLEGATIONS

5. AMN provides temporary and per-diem staffing services, as well as permanent placement and strategic integrated workforce solutions, to healthcare organizations.

6. Loyal Source provides contracting staffing services to commercial and federal agencies.

7. Loyal Source was awarded BPA VA259-15-A-0006 ("Prime Contract") for Nursing and Nursing Support Services at VA Medical Facilities in the Eastern Colorado Healthcare System under its Federal Supply Schedule Contract V797D-30203 with the United States Department of Veteran Affairs.

8. On or about November 14, 2014, AMN and Loyal Source entered into Subcontract Agreement 2014-AMN-1102 ("Subcontract Agreement") in which Loyal Source would pay AMN for providing healthcare staffing support services to Loyal Source so that Loyal Source could fulfill its obligations under the Prime Contract. *See* Subcontract, attached hereto as Exhibit A.

9. The period of performance under the Subcontract was from December 1, 2014 through November 13, 2015, with the option that Loyal Source could elect to extend the term for a one-year period. *Id.*, p. 3, at 7(a). The period of performance for the four Task Orders assigned under the Subcontract ranged from December 30, 2014, through November 13, 2017.

2

10.     AMN provided support services (i.e., personnel and management resources) pursuant to written Task Orders issued by Loyal Source and Loyal Source agreed to pay AMN "in accordance with the prices/rates and payment schedules set forth in the Task Orders issued under [the Subcontract], subject to any limitations or conditions contained therein." *See* Subcontract, p. 4, at 12(a).

11.     Payment by Loyal Source to AMN is not (and was not) contingent on payment by the United States Department of Veteran Affairs to Loyal Source. *See* Subcontract, Exhibit A, p. 4, at 12(c).

12.     Despite AMN performing its obligations under the Subcontract and Loyal Source accepting and retaining the benefits of such performance, Loyal Source refuses to pay AMN.

13.     Specifically, Loyal Source owes AMN $353,931.00 in outstanding invoices.

14.     AMN provided Loyal Source with sufficient back-up for the outstanding invoices.

15.     Upon information and belief, Loyal Sources received the invoices submitted by AMN, particularly, because Loyal Source partially paid on some of the invoices it purported it did not receive and paid invoices bearing the same date as other alleged missing invoices.

16.     Additionally, the Subcontract does not include a provision stating that invoices submitted later than 60 days after month's closing will not be accepted or honored, nor is there a provision in the Subcontract that provides circumstances in which AMN may waive its right to payment for services rendered.

17.     Instead, Loyal Source attempted to unilaterally include such a provision in the Subcontract by issuing "Administrative Modification # 001" on or about November 7, 2016. *See* Administrative Modification # 001, attached hereto as Exhibit B.

3

18.     Administrative Modification # 001 states:

As part of [Loyal Source's] Performance Standards Quality Assurance Surveillance Plan (QASP) we are required to submit invoices to the Government in a timely and accurate manner.  [Loyal Source] is required to submit itemized invoices within 30 days of end of each month services delivered.  As such, AHN's (sp) invoices shall be submitted monthly, in accordance with the Seller's accounting calendar, but shall be due by the 10th of each month.  Invoices submitted later than sixty (60) days after month's closing will not be accepted or honored.

The final invoice shall be clearly designated as the "Final Invoice" and shall be supported by a schedule of cumulative amounts incurred and billed to completion date.  [Loyal Source] shall not be held liable for final invoices submitted later than sixty (60) days after completion of services unless mutually agreed upon.

**All Other Terms and Conditions Remain Unchanged IAW Subcontract 2014-AMN-1002**

*Id.*

19.     Martin J. Cummings, Contracts Manager for Loyal Sources, signed Administrative Modification # 001 on November 7, 2016.  *Id.*

20.     Administrative Modification # 001 included a signature line for Carolina Araya, AMN's DVP/Account Management, however, neither Ms. Araya nor any other AMN representative signed Administrative Modification # 001.  *Id.*

21.     Although the Subcontract provides that Loyal Source "may, at any time, by written notice, make changes (that are not material in nature) within the general scope of this Agreement in any one or more of the following: (1) description of services to be performed; (2) time of performance; (3) place of performance and (4) incorporate changes issued by [the United States Department of Veteran Affairs]," Administrative Modification # 001 does not fall under any of these categories.  *See* Subcontract, Exhibit A, p. 4, at 10(a).

4

22.     Moreover, Administrative Modification # 001 is a material change to the Subcontract, particularly because it purports to change AMN's right to payment under the Subcontract.  Therefore, it is invalid and unenforceable.

23.      To date, Loyal Source has refused to pay AMN $353,931.00 for services AMN provided under the Subcontract.

## CLAIMS FOR RELIEF

### Count I – Breach of Contract

24.     AMN incorporates the above allegations as though the same were fully set forth herein.

25.     AMN and Loyal Source are parties to a Subcontract, namely the Subcontract attached hereto as Exhibit A.

26.     AMN has performed all its obligations under the Subcontract or is legally excused from having done so.

27.     As more fully set forth above, Loyal Source has failed to perform its obligations under the Subcontract by failing to pay AMN for providing healthcare staffing support services, even though Loyal Source has accepted and benefited from AMN's performance of its obligations under the Subcontract.

28.     As a proximate result of Loyal Source's breach, AMN has suffered damages, including attorneys' fees and costs, in an amount to be proven at trial.

### Count II – Unjust Enrichment

29.     AMN incorporates the above allegations as though the same were fully set forth herein.

Active/47205476.1

30.     AMN conferred a benefit onto Loyal Source at AMN's expense by providing healthcare staffing support services to Loyal Source so that Loyal Source could fulfill its obligations under the Prime Contract.

31.     Loyal Source accepted and appreciated the benefit of AMN providing healthcare staffing support services.

32.     Loyal Source accepted and retained the benefit of AMN providing healthcare staffing support services in circumstances in which it would be unjust to allow Loyal Source to retain said benefit without paying AMN the value thereof.

<strong>Count III – Promissory Estoppel</strong>

33.     AMN incorporates the above allegations as though the same were fully set forth herein.

34.     Loyal Source promised to pay AMN for providing healthcare staffing support services so that Loyal Source could fulfill its obligations under the Prime Contract.

35.     Loyal Source made its promise to pay AMN for providing healthcare staffing support services in circumstances in which it reasonably should have expected AMN to rely on its promise and provide healthcare staffing support services.

36.     AMN reasonably relied on Loyal Source's promise to its detriment.

37.     Enforcement of Loyal Source's promise is necessary to avoid injustice.

Active/47205476.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AMN Healthcare, Inc. respectfully requests:

A.  Judgment in favor of AMN Healthcare, Inc. and against Loyal Source Government Services LLC on Plaintiff's breach of contract claim in an amount to be proven at trial, plus pre- and post-judgment interest, costs, and attorney fees;

B.  Judgment in favor of AMN Healthcare, Inc. and against Loyal Source Government Services LLC on Plaintiff's unjust enrichment claim in an amount to be proven at trial, plus pre- and post-judgment interest, costs, and attorney fees;

C.  Judgment in favor of AMN Healthcare, Inc. and against Loyal Source Government Services LLC on Plaintiff's promissory estoppel claim in an amount to be proven at trial, plus pre- and post-judgment interest, costs, and attorney fees;

D.  Such further relief as the Court deems appropriate.

## PLAINTIFF REQUESTS A TRIAL BY JURY.

Dated: November 22, 2017

Respectfully submitted,

*s/ Kelly K. Robinson*
Kelly K. Robinson
Allison Tungate Mikulecky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, #3000
Denver, Colorado 80202
Telephone: (303) 297-2900
Fax:  (303) 298-0940
krobinson@shermanhoward.com
amikulecky@shermanhoward.com
*Attorneys for AMN Healthcare, Inc.*

7

Active/47205476.1

Plaintiff's Address:
12400 High Bluff Drive, Suite 100
Attn: Legal Department
San Diego, California 92130

8

Active/47205476.1